IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ADAM WEINRAUB, on behalf of
himself and as representative of the
beneficiaries of the Arthur N. Weinraub
Trust, and as next friend of Barbara
Korman, and on behalf of all others
similarly situated,

    Plaintiff,

      v.

BANK OF AMERICA, N.A.,

    Defendant.

CIVIL ACTION FILE
NO. 1:24-CV-3780-TWT

**OPINION AND ORDER**

This is a breach of trust action. It is before the Court on Plaintiff Adam

Weinraub's Motion for Leave to Amend [Doc. 72] as well as Defendant Bank of

America, N.A.'s ("Bank of America" or "the Bank") Motion to Dismiss [Doc. 76]

and Motion to Strike [Doc. 77]. For the reasons set forth below, the Court

GRANTS as unopposed Plaintiff Weinraub's Motion for Leave to Amend

[Doc. 72], DENIES Defendant Bank of America's Motion to Dismiss [Doc. 76],

and GRANTS its Motion to Strike [Doc. 77].

## I.   Background[1]

This dispute concerns a trust created by Plaintiff Adam Weinraub's

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

now-deceased father. (Original Compl. ¶ 27 [Doc. 1].) His father's then-fiancé, Barbara Korman, is the sole beneficiary of the trust, but any trust assets remaining upon her death are to be distributed to the Plaintiff and his siblings. (*Id.* ¶ 28; Br. in Supp. of Def.'s Mot. to Dismiss, Ex. 1 ("Trust Agreement"),[2] at 2 [Doc. 28-2].) In other words, Weinraub is a contingent remainder beneficiary. Among the trust's assets is a residential property (the "Property") in Boynton Beach, Florida. (Compl. ¶ 29.) Defendant Bank of America, N.A., is the sole trustee of the trust and manages the Property as a result. (*Id.* ¶ 32.)

Weinraub alleges that Bank of America breached its fiduciary duties as trustee by purchasing "excessively expensive" insurance coverage for the Property. (*Id.* ¶ 71.) He purports to sue on behalf of himself as representative of the trust's beneficiaries, as next friend of Barbara Korman, and on behalf of a putative class of certain other trusts where Bank of America serves as trustee. In the motions presently before the Court, Weinraub seeks leave to file his Amended Complaint, while Bank of America seeks to dismiss the proposed amendment for bringing claims in an improper capacity as well as strike the proposed amendment's class allegations.

---

[2] A copy of the Trust Agreement was first presented to the Court as an attachment to Bank of America's first dismissal motion. Courts ordinarily cannot consider a document outside the pleadings on a motion to dismiss. Fed. R. Civ. P. 12(d). However, the Eleventh Circuit has held that courts may do so if the document is "(1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). Here, the Trust Agreement is obviously central to Weinraub's claims, and neither party disputes its authenticity.

## II.    Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that, at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

A complaint's class allegations may be struck under Rules 23(c)(1)(A) and 23(d)(1)(D). Rule 23(c)(1)(A) provides that courts "must" determine whether to certify a class "at an early practicable time," Fed. R. Civ.

P. 23(c)(1)(A), and Rule 23(d)(1)(D) provides that courts may "require that the pleadings be amended to eliminate allegations about representation of absent persons," Fed. R. Civ. P. 23(d)(1)(D). Courts typically determine whether to certify a class when the plaintiff files a motion for class certification following a period of discovery, but courts may also deny certification by striking a complaint's class allegations prior to such a motion. *Parker v. Perdue Foods, LLC*, 2024 WL 3993855, at *2 (M.D. Ga. Aug. 29, 2024). This situation is rare, however. *Id.* at *1, 3; *see also Carrier v. Ravi Zacharias Int'l Ministries, Inc.*, 2023 WL 2355891, at *2 (N.D. Ga. Mar. 3, 2023) (noting that striking a complaint's class allegations is an "extreme remedy," reserved only for "exceptional cases" (citation omitted)). As the Eleventh Circuit has explained, "the parties' pleadings alone are often not sufficient to establish whether class certification is proper," but "[i]n some instances, the propriety *vel non* of class certification can be gleaned from the face of the pleadings." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008); *see also Lawson v. Life of the S. Ins. Co.*, 286 F.R.D. 689, 695 (M.D. Ga. 2012) ("For a court to inquire into certification prior to discovery, 'the issues [must be] . . . plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim.'" (alterations in original) (citation omitted)).

To determine whether "it is clear from the face of the operative pleading that the case cannot be maintained as a class action," courts look to the

traditional requirements of class certification. *Parker*, 2024 WL 3993855, at *2 (quoting *Jones v. Depuy Synthes Prods., Inc.*, 330 F.R.D. 298, 306 (N.D. Ala. 2018)). As an initial matter, a class cannot be certified unless at least one named plaintiff possesses Article III standing and the class is "adequately defined and clearly ascertainable." *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1302 (11th Cir. 2021) (citation omitted); *Fox v. Ritz-Carlton Hotel Co.*, 977 F.3d 1039, 1046 (11th Cir. 2020) (citation omitted). If these requirements are met, courts must assess whether the four requirements of Rule 23(a) are also met:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Lastly, the proposed class must also satisfy at least one of the alternative requirements of Rule 23(b), which can be found in Rules 23(b)(2) and 23(b)(3) for our purposes. *See Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 F. App'x 930, 933 (11th Cir. 2016). A class can be certified under Rule 23(b)(2) if a defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). A class can be certified under Rule 23(b)(3) if "[1] the questions of

law or fact common to class members predominate over any questions affecting only individual members, and . . . [2] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

## III.   Discussion

### A. Motion for Leave to Amend

As an initial matter, the Court grants Weinraub's unopposed Motion for Leave to Amend and will treat the proposed amendment [Doc. 72-1] as the operative complaint for purposes of the present Motion to Dismiss and Motion to Strike. Bank of America's Motion to Dismiss and Motion to Strike were both directed at the now-operative complaint, so the Court will address those next.

### B. Motion to Dismiss

The parties agree—and, indeed, the Court has already ruled—that Weinraub may bring a breach of trust claim against Bank of America in his individual capacity as a beneficiary. (Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 2.) In the Motion to Dismiss briefing, they disagree only on whether the Amended Complaint is pleaded as a suit brought in Weinraub's individual capacity or as a suit brought on behalf of the trust itself.

The Bank seeks dismissal of the Amended Complaint as pleaded, arguing that it improperly asserts a breach of trust claim on behalf of the trust itself, rather than in Weinraub's capacity as a trust beneficiary. (Br. in Supp. of Def.'s Mot. to Dismiss, at 3–4.) Bank of America acknowledges that the

6

Amended Complaint opens by alleging that Weinraub is suing in his capacity as a beneficiary of the trust but argues that other parts of the filing state that he is bringing claims on behalf of the trust itself. (Br. in Supp. of Def.'s Mot. to Dismiss, at 5.) For example, ¶ 7 of the Amended Complaint states: "Plaintiff seeks to recover on behalf of the trust of which he is a beneficiary." (Am. Compl. ¶ 7.) The class allegations similarly include two paragraphs stating that "Plaintiff, on behalf of the Weinraub Trust, and the other trusts in the Class" are entitled to relief. (*Id.* ¶ 84; *see also id.* ¶ 85 (involving similar language).) The Bank argues that beneficiaries may not sue on behalf of trusts and that trusts themselves may not assert breach of trust claims. (Br. in Supp. of Def.'s Mot. to Dismiss, at 5–6, 8–9.) In the alternative to dismissal, Bank of America asks this Court to order Weinraub to amend the Amended Complaint to correct any allegations that improperly state he is suing on behalf of the trust itself. (Br. in Supp. of Def.'s Mot. to Dismiss, at 4.)

In response, Weinraub reaffirms that he sues only in his capacity as a beneficiary of the trust and not as the trust itself. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 1, 3–4.) He further clarifies that his individual suit seeks to recover on behalf of himself, the trust's other beneficiaries, and the trust itself "in the sense that he seeks to restore funds to the Trust corpus." (*Id.* at 3; *see also id.* at 11 ("[Bank of America] may not impose on the phrase 'on behalf of a trust' a meaning that was clearly not intended or apparent from Plaintiff's pleading and argument.").) As to ¶ 7 of the Amended Complaint,

7

Weinraub claims that the paragraph "still plainly communicates Plaintiff's beneficiary status," though it may be inartfully pleaded. (*Id.* at 5.) As to the class allegations, Weinraub argues that Bank of America has engaged "in a flawed effort to *infer* the capacity in which Plaintiff is asserting his individual claim, despite the actual language in the pleading to the contrary." (*Id.* at 1–2.) He points out that the class allegations repeatedly state: "Plaintiff brings this action on behalf of himself and the following [ ] Class." (Am. Compl. ¶¶ 49, 50, 54.)

The Defendant's Motion to Dismiss is granted to the extent that the Plaintiff is seeking to assert any claim other than his individual claim as a beneficiary of the Weinraub Trust. This includes any claim that he is suing on behalf of the trust that would allow him to assert class action claims on behalf of other Bank of America trusts.

### C. Motion to Strike

Bank of America moves to strike Weinraub's new class allegations, arguing that the Court need not wait for the discovery and class certification process to unfold when it is apparent from the face of the Amended Complaint that no class can be certified. (Br. in Supp. of Def.'s Mot. to Strike, at 6–7.)

The Amended Complaint proposes three alternative classes of progressively smaller scope: (1) the "Nationwide Class," (2) the "Multistate

Class," and (3) the "Georgia Class."[3] The Nationwide Class would include "[a]ll trusts for which [Bank of America] served or continues to serve as trustee in which [Bank of America] has, between August 26, 2022 and the date this class is certified, charged the trust for insurance through a master trust insurance program for residential real property held by the trust." (Am. Compl. ¶ 49.) The proposed Multistate Class would include

> [a]ll trusts for which [Bank of America] served or continues to serve as trustee, administered out of one of the Aligned States, whose trust agreement has no choice-of-law provision or selects the law of one the Aligned States, in which [Bank of America] has, between August 26, 2022 and the date this class is certified, charged the trust for insurance through a master trust insurance program for residential real property held by the trust.

The "Aligned States" are fifteen named states that Weinraub alleges have "statutes of limitations equal to or longer than Georgia's applicable statute of limitations and allow even contingent beneficiaries to pursue monetary relief against a trustee for breach of trust." (*Id.* ¶ 51.) The Georgia Class would include

> [a]ll trusts for which [Bank of America] served or continues to serve as trustee, administered out of Georgia and whose trust agreement has no choice-of-law provision or selects the law of one of the Aligned States, in which [Bank of America] has, between August 26, 2022 and the date this class is certified, charged the trust for insurance through a master trust insurance program for residential real property held by the trust.

---

[3] Weinraub technically proposes a fourth class, the "Preservation Class," for "record-preservation purposes. (Am. Compl. ¶ 56 & n.1.) The Court previously struck this same class in a prior order and does so once again for the reasons previously set forth.

(*Id.* ¶ 54.)

Before delving into the Bank's motion, the Court begins with a brief background on the class allegations. Weinraub's Original Complaint proposed a class of beneficiaries, rather than a class of trusts. In relevant part, it proposed a class comprising "[a]ll beneficiaries of trusts in which [Bank of America] served or continues to serve as trustee in which it has . . . charged the trust for insurance through a master trust insurance program for residential real property held by the trust." (Original Compl. ¶ 50.) The Bank's prior motion to strike argued that the proposed Rule 23(B)(3) class did not satisfy the predominance requirement because variation among state laws would require a laborious, individualized analysis of each trust agreement's choice-of-law provision. (Reply Br. in Supp. of Def.'s Mot. to Strike Original Compl., at 3–12 [Doc. 45].) For example, the Bank explained that some states do not allow all types of beneficiaries to recover monetary damages, so a choice-of-law analysis would be required to determine which beneficiaries could recover as part of the putative class.[4] As the Bank put it, "any awarded monetary damages . . . would be recovered by *the beneficiaries* themselves" rather than the trust corpus because the putative class members were defined only as "beneficiaries" and not more broadly as "class-member trusts." (*Id.* at

---

[4] As another example, the Bank also argued—and the Court found persuasive—the fact that state laws vary regarding certain substantive statute-of-limitations provisions. (*Id.* at 7–8.)

9–10.) The Court agreed with this reading of the class definition, which was supported by allegations elsewhere emphasizing that "Plaintiff and the Class Members"—defined as individual beneficiaries—were "entitled to actual damages." (Original Compl. ¶ 77.) The Court therefore held that Weinraub's putative Rule 23(b)(3) class required an individualized choice-of-law analysis and failed the predominance inquiry. The Court then struck Weinraub's Rule 23(b)(3) class allegations.

Since then, Weinraub has reframed his putative class around trusts rather than individual beneficiaries. This reframing purportedly eliminates the need to identify which beneficiaries are entitled to monetary damages because it envisions a system in which all monetary damages would be restored to the trust corpus (not individual beneficiaries). However, Bank of America now takes issue with Weinraub's revised class definition, arguing that trusts cannot be class members at all let alone ones in a suit brought by a trust beneficiary. (Br. in Supp. of Def.'s Mot. to Strike, at 8–10, 15–16.) In essence, the Bank contends that neither a class of beneficiaries nor a class of trusts can accomplish Weinraub's goal of restoring funds to trust corpora—a sort of double bind.

Turning to the Bank's present Motion to Strike Weinraub's class allegations, the Court will ultimately grant the Motion. As a threshold matter, the Court is persuaded that a *beneficiary* cannot bring a class action suit containing a putative *class of trusts* for at least two independent reasons. First,

11

Weinraub is not a member of the class for which he purports to sue, a critical requirement in any class action suit. *Brenner v. Future Graphics, LLC*, 258 F.R.D. 561, 567 (N.D. Ga. 2007) (citing *Sosna v. Iowa*, 419 U.S. 393, 403 (1975)); *see also* Fed. R. Civ. P. 23(a) ("One or more members of a class may sue . . . as representative parties on behalf of all members . . ."). He is a beneficiary, while the putative class is composed of trusts.

Second, as Bank of America explains, "a trust is 'a fiduciary relationship between multiple people'" and not a "legal entity" or party. (Br. in Supp. of Def.'s Mot. to Strike, at 9 (quoting *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016)).) As a result, a trust generally cannot sue in its own name. *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019) (citation omitted); *Eslava v. Gulf Tel. Co.*, 2006 WL 8437737, at *3 (S.D. Ala. Jan. 30, 2006). The Court agrees with the Bank's assessment that the out-of-circuit cases Weinraub cites to the contrary are unpersuasive and distinguishable. None of the cited cases scrutinize whether trusts can constitute a class themselves or involve breach of fiduciary duty claims against trustees. The latter of which is important because the trustee is the "real party in interest with the power to prosecute actions in the name of the trust." *Eslava*, 2006 WL 8437737, at *3. Weinraub offers no precedent for a trust, supposedly acting through its trustee, suing itself for breach of fiduciary duty. (*See* Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Strike, at 24 & n.8 (citing only a case where courts have appointed a guardian ad litem for what appeared to be

some subset of "unknown or incapacitated class members").) Moreover, all but one of the cases appears to involve unique circumstances related to the Employee Retirement Income Security Act, through which certain plans or trust funds are statutorily authorized to sue. (*See* Reply Br. in Supp. of Def.'s Mot. to Strike, at 6–8 (citing 29 U.S.C. § 1132(d)).)

## IV.   Conclusion

For the reasons set forth above, the Court GRANTS as unopposed Plaintiff Adam Weinraub's unopposed Motion for Leave to Amend [Doc. 72]. The Clerk is DIRECTED to docket the proposed Amended Complaint, [Doc. 72-1], as the operative complaint. The Court GRANTS Defendant Bank of America, N.A.'s Motion to Dismiss [Doc. 76] as to any claim asserted by the Plaintiff other than his individual claim as a beneficiary of the trust. The Court also GRANTS the Motion to Strike [Doc. 77] the class allegations of the Amended Complaint.

SO ORDERED, this ___8th___ day of July, 2026.

THOMAS W. THRASH, JR.
United States District Judge